IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYON FINANCIAL SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-565-JPG-DGW |
| ) | |
| THE VOGLER LAW FIRM, P.C., et al., ) | |
| ) | |
| Defendants/Third Party Plaintiffs. ) | |
| ) | |
| v. ) | |
| ) | |
| CRAIG & CRAIG and McKEOWN, ) | |
| FITZGERALD, ZOLLNER, BUCK, ) | |
| HUTCHINSON & RUTTLE, ) | |
| ) | |
| Third Party Defendants. ) | |

**PROTECTIVE ORDER**

Now pending before the Court is a Motion for Protective Order filed on September 19, 2011 (Doc. 80). All parties consent to the entry of the protective order. Finding good cause, the motion is **GRANTED**. The Court enters the following protective order proposed by the parties:

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential non-public information related to other accounts/leases of the software that was the subject of the underlying litigation, confidential non-public information related to litigation of other accounts/leases of the software that was the subject of the underlying litigation, or confidential non-public notes taken by internal counsel for Plaintiff Lyon Financial Services, Inc. ("Confidential Information") which must be protected from unauthorized disclosure.

Accordingly, the discovery of certain documents and information may be conducted only pursuant to the following terms, conditions, and restrictions:

1. Documents and written information produced by any party or nonparty in the course of discovery in this action which contain Confidential Information may be designated as confidential by the person producing the material. All such designations shall be made in good faith and for a legitimate purpose. Such designations shall be made (1) by placing on the face of the material the designation "CONFIDENTIAL," or (2) by designating the material as "CONFIDENTIAL" in writing to the other party (e.g., in the correspondence that accompanies the production of the material) with reference to such material by production number or other appropriate identifying information. Duplicate copies shall also be deemed "CONFIDENTIAL." A party who fails to mark a document as "CONFIDENTIAL" at the time of production may do so by designating it "CONFIDENTIAL" pursuant to one of the two methods described above within twenty (20) days after production or within twenty (20) days after entry of this Protective Order by the Court. Any party may challenge the confidentiality designation by first serving a written objection upon the designator's counsel. Within ten (10) calendar days of such service, the designator's counsel shall respond in writing (via hand delivery, courier or facsimile) to such objection by either (a) agreeing to remove the designation or (b) explaining the justification for the designation. If counsel cannot mutually agree upon the terms and conditions for disclosure, the objecting party shall be free to move the Court for an Order removing or modifying the designation. The burden of establishing the basis for confidentiality shall remain on the party who asserts it. Pending resolution of such motion, the material at issue shall continue to be treated as CONFIDENTIAL until the Court orders otherwise.

2. Counsel for any party or any witness may designate the transcript (or any portion thereof) of any deposition as "CONFIDENTIAL" by so stating on the record of the deposition or by doing so within fifteen (15) days of receipt of the transcript of the deposition or within fifteen (15) days of the entry of this Protective Order by the Court.

3. Except as otherwise provided herein, documents, depositions, transcripts, and any other information designated as CONFIDENTIAL pursuant to this Protective Order, and any notes, abstracts or summaries made or information gleaned therefrom, shall be used solely for the prosecution or defense of this action and shall not be disclosed in any manner to anyone other than the parties herein and their present and former employees, their respective counsel (including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action and outside vendors providing clerical or administrative services (i.e., copy services) retained by counsel), the court, its staff, stenographic employees and court reporters, prospective witnesses who have a reasonable need to review the documents in connection with the prosecution or defense of this case, and persons employed by or assisting counsel in preparation for, or at the trial of this action, including experts which counsel may consult. Nothing contained in this Order shall limit a party from use of its own material designated as CONFIDENTIAL for whatever reasons it sees fit.

4. Experts, former employees and prospective witnesses not currently employed by any of the parties must execute the Consent to Protective Order, attached hereto, prior to receipt of CONFIDENTIAL materials or within fifteen (15) days after entry of this Protective Order by the Court.

5. If CONFIDENTIAL information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the unauthorized disclosure shall immediately upon learning of such disclosure inform all other parties of all facts relating to such disclosure. The responsible party shall use its reasonable best efforts to prevent further disclosure by each unauthorized person who received such CONFIDENTIAL information.

6. Each person to whom disclosure of any CONFIDENTIAL material is made in accordance with this Protective Order is hereby prohibited from divulging any of the materials so obtained without proper authorization, or from exploiting in any way such material for his or her own benefit, or from using such material for any purpose or in any manner not directly related to the prosecution or defense of this action. In the event any party or person designated in Paragraph 3 violates this Order, all parties acknowledge that the violator may be subject to sanctions determined in the Court's discretion.

7. The inadvertent production of any privileged materials or other materials exempt from production shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof. Nothing in this paragraph constitutes a waiver of any party's right to challenge a claim of privilege.

8. Any party that is served with a subpoena or other notice compelling the production of any CONFIDENTIAL material produced by another party shall give written notice to the producing party within three (3) business days. Upon receiving such notice, the producing party may, within five (5) business days of receiving such notice, oppose the subpoena. During the pendency of any such opposition, the party to whom the subpoena or other notice is directed shall

not produce any CONFIDENTIAL material, unless ordered by a court of competent jurisdiction, or agreed in writing, by the producing party.

9. Unless counsel for all parties agree otherwise, or until an Order of this Court otherwise directs, all CONFIDENTIAL material and all pages of any briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of material which has been designated as CONFIDENTIAL pursuant to this Protective Order which are presented to the Court shall be filed under seal, to be opened only by the Court unless otherwise ordered or agreed to by the party who produced the information.

10. For purposes of the use at trial of any of the material designated as CONFIDENTIAL pursuant to this Protective Order, the ultimate determination of the confidentiality of any such material shall be made by the Court upon application by any party for good cause shown, and the designation of material as CONFIDENTIAL shall not otherwise affect the Court's determination as to whether it shall be received into evidence at trial, nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality or admissibility of such material. The burden of establishing the basis for confidentiality shall remain on the party who asserts it.

11. Upon final disposition of this action, including the exhaustion of any appellate proceedings, all materials that have been designated as CONFIDENTIAL, pursuant to this Protective Order, including but not limited to materials provided to experts, former employees and prospective witnesses, and all copies, excerpts or extracts, except for such material which has become part of the record of this action, shall be returned within sixty (60) days to the person producing the material or destroyed; provided, however, that this obligation shall not extend to any

material designated as CONFIDENTIAL embodied in materials protected by the attorney-client privilege or the work product doctrine. Should counsel elect to comply with this paragraph by destroying such material, such counsel shall provide a letter to opposing counsel certifying that such destruction has been conducted in a manner eliminating the possibility of disclosure to or reconstruction of such CONFIDENTIAL material by third parties.

12. Pending entry by the Court, this Order shall be treated as an Agreed Stipulation and shall be considered binding and enforceable upon execution by counsel.

13. By written agreement of the parties, or upon motion and Order of the Court, the terms of this Order may be amended or modified.

14. The parties and any other person subject to this Order agree that this Court shall have and shall retain after this action is terminated, jurisdiction over them for the purpose of enforcing this Order.

**DATED: October 4, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**